UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                                      CASE NO. 05-20917

PEGGY W. GRANDPRE                                          SECTION "B"

DEBTOR                                                                  CHAPTER 7

## MEMORANDUM OPINION

This matter came on for hearing on the Chapter 7 trustee's motion for turnover of the debtor's 2005 income tax return refund. For the reasons set forth below, the court denies the trustee's motion and finds that the tax refund is not property of the estate under 11 U.S.C. § 541(a) but instead is property of the debtor.

**I.      BACKGROUND**

Peggy Grandpre ("debtor") filed a voluntary petition for Chapter 7 relief on October 15, 2005. Subsequent to her filing, the Katrina Emergency Tax Relief Act of 2005 ("KETRA")was enacted.[1] KETRA provided certain tax breaks to victims of Hurricane Katrina.[2] Because the debtor's home was substantially damaged as a result of Hurricane Katrina, these tax changes allowed the debtor to receive a federal income tax refund, based on her loss due to Katrina, in the amount of $19,541.00. Had KETRA not been passed, the debtor would have owed the IRS $3,673.05.[3]

---

[1] Pub.L.No. 109-73, 119 Stat. 2016.
[2] The Katrina Emergency Tax Relief Act of 2005 allowed affected individuals to exclude from income certain cancellations of debt and extended, from two years to five years, the replacement period for converted properties.
[3] (P-40) at Exhibit C. This figure results from the application of standard casualty and theft loss deductions based on the debtor's Katrina-related losses.

On August 17, 2006 the Chapter 7 trustee ("trustee"), filed a motion for turnover of the debtor's 2005 federal income tax refund to the estate. The debtor filed an opposition and the motion was heard on September 13, 2006.

## II.   TRUSTEE'S ARGUMENT AND DEBTOR'S RESPONSE

The trustee argues that the tax refund is property of the debtor's bankruptcy estate. She argues that the impact of casualty losses on a taxpayer's return is not a new rule of taxation. The trustee contends that the debtor had a pre-petition claim for a refund due to her withholdings regardless of the application of KETRA. She urges this court to conclude that despite the debtor receiving more deductions for her casualty loss under the expanded Hurricane Katrina rules, it was her right to claim a refund from her excess withholdings, payable throughout the tax year, that is property of the estate as of her date of filing, October 15, 2006.[4]

The debtor asserts that her income tax refund is not property of the bankruptcy estate because she did not have a pre-petition legal interest in her refund. Under the tax rules on the date she filed for bankruptcy, the debtor would have owed the IRS $3,673.05. KETRA was not enacted until after she filed her petition, therefore, her right to claim a refund from her excess withholdings arose post-petition. The debtor relies on the Fifth Circuit's reasoning in *In re Burgess* to support her contention.[5]

## III.   LAW AND ANALYSIS

---

[4] The trustee contends that the tax refund should be pro-rated as of the filing date, entitling the estate to 288 days or $15,418.65.

[5] *In re Burgess*, 438 F.3d 493 (5th Cir. 2006).

Property rights personal to the debtor become property of the estate under Bankruptcy Code § 541(a)(1).[6] This includes all rights to payments earned before bankruptcy, including a debtor's income tax refund.[7] In the present case, the debtor received the large income tax refund as the result of the newly enacted KETRA, which altered loss rules applicable to federal income tax returns. To determine whether this refund is the property of the estate, this court must establish whether the debtor had an interest in the tax return refund, under the newly enacted rules, when the petition was filed.[8] It is clear that the debtor did not have an interest in the refund under the new Act upon the filing of her petition, therefore, the refund is not property of the bankruptcy estate.

The Fifth Circuit decided a similar issue in *In re Burgess,* but only after a rehearing en banc and after an eight to seven vote. There, the debtor was a farmer who suffered a pre-petition crop loss. Post-petition, the Agricultural Assistance Act of 2003 was passed. Under that Act the debtor qualified for funds to compensate him for his pre-petition crop loss. The Fifth Circuit held that the funds were not the property of the bankruptcy estate because the payment was not property of the estate under § 541(a)(1) or "proceeds" of property of the estate under § 541(a)(6).[9] A rehearing en banc was granted and a slim majority of the court determined the question presented was temporal

---

[6] 11 U.S.C. § 541(a)(1).
[7] *Segal Cotton Products v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966).
[8] *Burgess*, 438 F.3d at 493. *In re Donnell*, 2006 Bankr. LEXIS 3376.
[9] *In re Burgess,* 392 F.3d 782 (5th Cir. 2004).

3

and posed the question, " When did Burgess acquire a legal interest in the disaster-relief payment? In other words, did the crop loss itself entitle Burgess to the money? Or was it the combination of the Burgess's crop loss and the enactment of the 2003 Act that gave him that interest?"[10] The majority of the court determined that the latter combination of events gave the debtor an interest in the refund. The court held that although the scope of § 541 is broad, bringing into the estate, "all of the debtor's legal and equitable interests wherever located and by whomever held," the Code, "also provides a temporal limitation: property of the estate is determined at the commencement of the case. The case is commenced, and the estate created, when the bankruptcy petition is filed."[11] Because the legislation providing the payment was not enacted until after the debtor had filed for bankruptcy the debtor "had no interest, contingent or otherwise, in the disaster-relief payment when he filed his bankruptcy petition."[12]

In *Burgess,* the appellees argued that the disaster relief payments were the property of the bankruptcy estate for two reasons. They first argued that through the loss of his crop, Burgess had a contingent interest in the post-petition relief payment at the time of the bankruptcy. The majority of the Fifth Circuit rejected this argument for two reasons. First, the Supreme Court in *Segal v. Rochelle* used the "sufficiently rooted test" to support its classification of the payment to the debtor as property of the estate.[13] The *Burgess*

---

[10] *In re Burgess,* 438 F.3d at 497.
[11] *Id.* at 496 (internal citations omitted).
[12] *In re Burgess,* 438 F.3d at 503.
[13] *Segal Cotton Products v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966).

court held that the "sufficiently rooted test" used in *Segal* had not survived the enactment of the Bankruptcy Code because § 541 clearly defines what is property of the estate.[14] Second, the majority distinguished *Segal* from the situation in *Burgess* because in *Segal* the debtor did have a pre-petition legal interest in the property.[15] In *Segal* the tax legislation in question was enacted before the debtor filed his petition. That legislation, "gave the debtor a *claim* for a tax refund if certain conditions were met. It was the combination of the law and the conditions made legally relevant by the law that conferred on the debtor a prepetition legal interest: the claim for a refund."[16] By contrast, although the crop loss in *Burgess* was suffered pre-petition, the relevant legislation was not passed until after the bankruptcy petition was filed. In reaching this conclusion, the majority in *Burgess* followed the analysis of the Eighth Circuit in *In re Vote*, the Ninth Circuit in *In re Schmitz*, and the Middle District of Georgia in *In re Bracewell*.[17] These courts had determined that the definition of property at the commencement of the case was temporal and that "a mere hope that crop-disaster-relief legislation would be enacted" was not enough to constitute an interest, "contingent or otherwise," at the time of filing.[18]

---

[14] *In re Burgess,* 438 F.3d at 498. The "sufficiently rooted test" referred to in Burgess is a reference to the former §70(a)(5) of the Bankruptcy Act. Under §70(a) of the Act, whether an asset was included within the estate varied in accordance with (1) an individual examination of the legal nature of the asset, and (2) in light of the purposes of the Bankruptcy Act. *Burgess,* 438 F.3d at 499.

[15] *Burgess,* 438 F.3d at 499.

[16] *Id.*

[17] *In re Vote*, 276 F.3d 1024 (8th Cir. 2002); *In re Schmitz*, 270 F.3d 1254 (9th Cir. 2001); *In re Bracewell*, 322 B.R. 698 (M.D. Ga. 2005).

[18] *Burgess,* 438 F.3d at 503.

The appellees in *Burgess* also argued that the crop loss itself was property of the estate and the relief payment constituted proceeds of that property. The majority rejected this argument as well, agreeing with the Eighth Circuit's reasoning in *Vote*, which stated: "we have found no case in which a pure loss with no attendant potential benefit was included as property of the estate."[19]

The majority opinion in *Burgess*, authored by Judge Prado who was joined by seven other judges, is binding on this court even though there is a persuasive dissenting opinion by Chief Judge Jones, who was joined by six other judges of the Fifth Circuit. The dissent states that:

1. The broad scope of § 541 intended by Congress in the Bankruptcy Code should include the federal disaster payment involved in *Burgess*; and

2. Under Louisiana state law the disaster payment would be treated as proceeds and included as property of the estate.

The trustee argues that under *Segal*, a pro-rated share of the debtor's refund is the property of the estate.[20] For the same reasons that the court in *Burgess* declined to follow *Segal*, this court does also. Here, as was the situation in *Burgess*, the relevant legislation was not enacted until after the debtor filed for bankruptcy. As the majority stated in *Burgess*, "mere hope" that legislation will be enacted does not create a contingent interest in the debtor.

---

[19] *Id.*
[20] *Segal v. Rochelle*, 382 U.S. 375 (1966).

The facts and legal issues of this case to *Burgess* are so similar that this court must follow the holding of the majority opinion in *Burgess*. In order for property to become property of the estate under §541(a)(1) the debtor must have a pre-petition legal interest in the property. A debtor does not obtain a legal interest in a tax refund payment until the legislation authorizing the payment is passed. In the present case, the act was not passed until after the commencement of the case; therefore, at the time the debtor filed her petition for bankruptcy she did not have a legal interest in the tax refund.

IV.   **CONCLUSION**

For the reasons explained above the trustee's motion for turnover of the debtor's 2005 income tax refund is denied. The debtor's $19,541.00 income tax refund is the property of the debtor not the property of the estate.

New Orleans, Louisiana, April 5, 2007.

                                        */s/ J. A. Brown*
                                        Jerry A. Brown
                                        U.S. Bankruptcy Judge